US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

SEP 04 2026

Mistee Aaron
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| **ANDREW DOWNS** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** 2:26cv2142 |
| | ) | |
| **EQUIFAX INFORMATION SERVICES, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Andrew Downs, ("Mr. Downs"), and complains of the Defendant, Equifax Information Services, LLC ("Equifax"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory damages and cost brought by Mr. Downs against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

4. Venue is proper in Sebastian County, Arkansas because the acts complained of were committed and/or caused by the Defendant within Sebastian County.

## PARTIES

5. Mr. Downs is a natural person residing in Fort Smith, Sebastian County, Arkansas.

6. Mr. Downs is a Consumer as defined by 15 U.S.C. § 1681a(c).

7. Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW., Atlanta, GA 30309.

8. Equifax is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Mr. Downs' June 2026 Consumer Disclosure

9. On or about August 20, 2026, Mr. Downs requested a copy of his consumer credit disclosure from Equifax. SEE PLAINTIFF'S EXHIBIT 1 Confirmation #6231541392

10. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Downs' request, Equifax was required to "clearly and accurately" disclose all information in Mr. Downs' file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

11. Equifax provided an electronic copy of Mr. Downs' Consumer Disclosure ("Equifax's Disclosure") to via annualcreditreport.com

**Missing Original Creditor Name Account Numbers, Missing Account Information and Payment History**

12. Making matters even more confusing for Mr. Downs, Equifax omitted the, Original Creditor Name, Full Account Numbers, Missing Account Information and Payment History relating to the (2) First Premier, Merrick Bank, Midland Credit Management, CitiCards CBNA, Rocket Mortgage, (2) LVNV Funding trade lines.

13. First Premier: *1765 full account number, date of last activity, scheduled payment amount, actual payment amount, term duration, date closed, activity designator, terms frequency, deferred payment start date, balloon

payment amount, balloon payment date, payment history, 24 Month History Section scheduled actual payment amount information was all omitted.

14. Merrick Bank: *8378 full account number, date of last activity, scheduled payment amount, actual payment amount, term duration, date closed, activity designator, terms frequency, deferred payment start date, balloon payment amount, balloon payment date, payment history, 24 Month History Section scheduled payment amount, actual payment amount information was all omitted.

15. Midland Credit Management: *9764 full account number, credit limit, date of last activity, scheduled payment amount, actual payment amount, date of last payment. Term duration, date closed, activity designator, terms frequency, deferred payment amount, balloon payment date, payment history, 24 Month History Section scheduled payment amount, actual payment amount, last payment date, credit limit, original creditor name information was all omitted.

17. Citicards CBNA: *6044 full account number, date of last activity, scheduled payment amount, actual payment amount, term duration, date closed, terms frequency, deferred payment start date, balloon payment amount, balloon payment date, 24 Month History Section scheduled payment amount, actual payment amount information was all omitted.

18. Rocket Mortgage: *2138 full account number, credit limit, date of 1st delinquency, date major delinquency 1st reported, amount past due, charge off amount, date closed, activity designator, deferred payment start date, balloon payment amount, balloon payment date, payment history, 24 Month History Section past due amount, credit limit information was all omitted.

19. LVNV Funding LLC: *3804 full account number, status, date of last activity, scheduled payment amount, actual payment amount, date of last payment. Term duration, date closed, activity designator, terms frequency, deferred payment amount, balloon payment date, payment history, 24 Month History Section scheduled payment amount, actual payment amount, last payment date, credit limit, original creditor name information was all omitted.

20. 17. LVNV Funding LLC: *3350 full account number, status, date of last activity, scheduled payment amount, actual payment amount, date of last payment. Term duration, date closed, activity designator, terms frequency, deferred payment amount, balloon payment date, payment history, 24 Month History Section scheduled payment amount, actual payment amount, last payment date, credit limit, original creditor name information was all omitted.

21. First Premier: *6903 full account number, date of last activity, scheduled payment amount, actual payment amount, term duration, date closed, activity designator, terms frequency, deferred payment start date, balloon

payment amount, balloon payment date, payment history, 24 Month History Section scheduled actual payment amount information was all omitted.

22. Celtic Bank/Continental: *0643 full account number, date of last activity, scheduled payment amount, actual payment amount, term duration, amount past due, deferred payment start date, balloon payment amount, balloon payment date information was all omitted.

23. On information and belief, this data furnisher reported the original creditors name, full account numbers, missing account information and payment history belonging to its respective accounts to Equifax, and this information was contained within Equifax's file regarding Mr. Downs at the time of his request.

24. When Equifax produces and sells reports regarding Mr. Downs to third parties, the full account numbers, missing account information and payment history are included in its reports.

25. The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

26. Having a duty to disclose all of the information regarding the accounts in Mr. Downs' file, Equifax breached its duty by failing to provide the account numbers, missing account information and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

27. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

28. Equifax's disclosure contains collection information that stays on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score.

29. On information and belief, all the aforementioned data furnishers reported full account numbers, missing account information and payment history to Equifax, and this information was contained within Equifax's file on Mr. Downs at the time of his request for his consumer disclosure.

30. Due to widespread systemic problems, Equifax's automated systems omits all but the last two or four account numbers, missing account information and payment history reported by data furnishers.

31. Equifax knows of this error but, despite such knowledge, has yet to correct it.

32. The failure to disclose full account numbers, missing account information and payment history violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer

reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

33. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

34. The lack of accurate, full account numbers, missing account information and payment history caused Mr. Downs great frustration and emotional distress when trying to understand his credit report and verify it against his own records, Equifax caused Plaintiff to waste time.

35. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with

Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of all information' in the file." SEE PLAINTIFF'S EXHIBIT 2.

36. Equifax's omission of the original creditor name, full account numbers, missing account information and payment history greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

**Prevalence of Equifax's Original Credit Name, Account Number Errors, Missing Account Information and Payment History**

37. On information and belief, Equifax's Disclosure to Mr. Downs was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

38. On information and belief, this same template is used virtually every time a consumer requests their file from Equifax through www.annualcreditreport.com.

39. On information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

40. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number, original creditors name, missing account information and payment history errors.

41. Thus, every consumer with accounts appearing with missing information in their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Mr. Downs.

42. Equifax's error has therefore likely affected thousands of consumers.

43. Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected.

44. Equifax's knowing and repeated conduct warrants an award of punitive damages.

50. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

51. Mr. Downs has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

52. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Mr. Downs deprived his of this right.

53. Equifax has contracts/agreement with its subscribers/furnishers to report accurate and clear information.

54. Equifax wasted Plaintiff time because Plaintiff relied upon all of the information of the information in his file at the time of the request.

55. Equifax deprived Plaintiff of its disputing right under 15 U.S.C. § 1681i because the *full account number, credit limit, date of last activity, scheduled payment amount, actual payment amount, date of last payment. Term duration, date closed, activity designator, terms frequency, deferred payment amount, balloon payment date, payment history, 24 Month History Section scheduled payment amount, actual payment amount, last payment date, credit limit, original creditor name* information was not there. Therefore Equifax failed to clearly disclose the information within the file at the time of the request.

56. Specifically, with respect to the accounts at issue identified above, Defendants failed to clearly and accurately disclose the full account numbers and account identifiers associated with those accounts. Instead, Defendant disclosed only partial account numbers and identifiers, while withholding, truncating, or omitting the remaining digits and characters.

57. Defendants further displayed asterisk marks in place of the undisclosed portions, indicating that additional information existed but was not provided. Plaintiff was deprived of cross checking the information against his own records.

58. Although Equifax knows the debt collectors are reporting that they are debt buyers and **does not identify an original creditor** with Midland Credit Management and LVNV Funding LLC information with materially makes Plaintiff file misleading and totally unclear to Plaintiff and future creditors.

59. Despite receiving information on a purported original creditor, Equifax did not disclose the information on the original creditor to the Plaintiff.

60. According to the Consumer Data Industry Association ("CDIA"), the industry leading organization for furnishers and consumer reporting agencies, the "original creditor is required for collection agencies" and "must be present each time the account is reported."

61. Further, the CDIA states the "purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports."

62. Continuing, the CDIA notes that "[w]ithout the original creditor names, consumers may not know what the accounts represent." See Exhibit 3 below Equifax agreed to clean and block the reporting if the original creditor was not being reported within the file in 2015 with the State Attorney Generals.

63. Thus, Equifax knows that it is required to report the original creditor's name and that its' failure to do so is causing the consumer to not recognize the account.

64. Notably, the two other national consumer reporting agencies, Experian and Trans Union, have abided by the CDIA's edicts and implemented procedures that assure the original creditor name is included in all collection accounts that appear in their reports.

**COUNT I**
**VIOLATIONS OF THE FCRA**

65. Mr. Downs adopts and incorporates paragraphs 1 - 64 as if fully stated herein.

66. Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Mr. Downs' request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Downs, a Consumer, all of the information in his file at the time of the request. Specifically, Equifax disclosed eight (8) accounts reported without

disclosing the original creditors name, full account number, missing account information and payment history or eight (8) accounts also without the original creditors name, full account numbers, missing account information and payment history even though full account numbers, missing account information and payment history were reported by the data furnishers.

67. Equifax knowingly provided inaccurate and incomplete information in Mr. Downs' disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

68. Equifax is therefore liable to Mr. Downs, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus costs.

69. Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Mr. Downs, pursuant to 15 U.S.C. § 1681o, for his actual damages, plus costs.

WHEREFORE, Mr. Downs respectfully requests that the Honorable Court enter judgment against Equifax for:

a. The greater of statutory damages of $1,000 per incident and Mr. Downs' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Downs' actual damages pursuant to 15 U.S.C. § 16810(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 16810(a)(2); and,

d. Such other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Mr. Downs demands a jury trial on all issues so triable.

Respectfully submitted on August 31, 2026, by:

Andrew Downs
205 N 44th St
Fort Smith, AR 72903
479-226-0883
rushfortsmith@gmail.com

ATTACHED EXHIBIT LIST

1. Mr. Downs' Equifax Consumer Disclosure, August 20, 2026.
2. FTC Opinion Letter.
3. Equifax Settlement Agreement.