US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

OCT 29 2026

By Mistee Aaron
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| **ANDREW DOWNS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | **2:26-cv-02142-DCF** |
| **EQUIFAX INFORMATION SERVICES, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Andrew Downs respectfully submits this Response in Opposition to Defendant Equifax Information Services LLC's Motion to Dismiss. For the reasons set forth below, the Motion should be denied.

## I. INTRODUCTION

This action arises from Equifax's failure to clearly and accurately disclose all information in Plaintiff's consumer file at the time of his request, in violation of 15 U.S.C. § 1681g. The Complaint identifies specific omissions, on an account-by-account basis, including full account numbers, multiple categories of account data and payment history, and original creditor names for third-party debt buyers. These omissions deprived Plaintiff of the ability to understand, identify, cross-check, and dispute the information in his file. Plaintiff has a statutory right to all information in his file at the time of the request, and to

the sources of that information. The Complaint states a plausible claim. Equifax's privacy and truncation arguments, and its attempts to narrow the scope of "file" or demand a showing of inaccuracy under other FCRA provisions, are unavailing at the pleading stage. Multiple courts have denied nearly identical motions.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts well-pleaded facts as true and draws all reasonable inferences in Plaintiff's favor. Pro se pleadings are liberally construed. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). Dismissal is inappropriate where the plaintiff has identified the specific information omitted and alleged resulting concrete harm.

## III. ARGUMENT

### A. Section 1681g Imposes Mandatory Disclosure Obligations, Including All Information in the File and the Sources of That Information

15 U.S.C. § 1681g(a) requires every consumer reporting agency, upon request, to clearly and accurately disclose to the consumer:

(1) All information in the consumer's file at the time of the request (with limited exceptions for requested SSN truncation and credit scores);

(2) The sources of the information;

(3) Identification of each person that procured a consumer report, subject to time limits; and

(4) Certain check information underlying adverse characterizations.

These are distinct, mandatory categories. "File," when used in connection with information on any consumer, means "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). The purpose of the disclosure is to allow the consumer to identify inaccurate information and correct it through the dispute process. Gillespie v. Equifax Info. Servs., L.L.C., 484 F.3d 938, 941 (7th Cir. 2007); Ross v. F.D.I.C., 625 F.3d 808, 813 (4th Cir. 2010).

Plaintiff has a right to all of the information in his file at the time of the request. The Complaint alleges that Equifax's disclosure omitted full account numbers, original creditor names, and numerous account-level fields (date of last activity, scheduled and actual payment amounts, term duration, date closed, activity designator, terms frequency, deferred payment information, balloon payment details, payment history, 24-month history details, credit limit, status, amount past due, charge-off amount, and related data) for multiple accounts, including First Premier, Merrick Bank, Midland Credit Management, CitiCards CBNA, Rocket Mortgage, LVNV Funding, and Celtic Bank/Continental. Compl. ¶¶ 12–22. These are account-level details for every account identified.

For collection accounts reported by third-party debt buyers (Midland Credit Management and LVNV Funding), § 1681g(a)(2) independently requires disclosure of the sources of the information. The original creditor is the source. Equifax failed to disclose the original creditor name even though, on information and belief, the furnishers reported it and it was in the file. Compl. ¶¶ 15, 19–20, 58–63. Industry standards (CDIA) require

the original creditor name for collection accounts precisely so consumers can identify the accounts. Without it, the file is unclear and the consumer cannot determine the origin of the debt. Courts have recognized that original creditor names and full account numbers fall within the scope of the file that must be disclosed. See, Blevins v. Equifax Information Services LLC, No. 25-cv-23481 (S.D. Fla. Dec. 29, 2025) (denying judgment on the pleadings; omissions of full account numbers and original creditor names hinder verification and dispute rights and are within the file).

Equifax's argument that "all information" does not include every digit or that truncation is required by privacy statutes misreads the statute. Section 1681g(a)(1) contains a specific, limited truncation exception only for the first five digits of the SSN upon consumer request. There is no general exception for account numbers or other account data. The FTC has long stated that a CRA that always truncates or scrambles account numbers does not technically comply with the clear and accurate disclosure requirement. See Compl. ¶ 35 (citing 2000 FTC Advisory Opinion). Privacy statutes such as GLBA, FACTA (which addresses receipts, not consumer disclosures), and PCI DSS do not override the plain language of § 1681g. Those laws address unauthorized third-party access; they do not authorize a CRA to withhold information from the consumer who is the subject of the file.

**B. Plaintiff Has Provided Specific Account-Level Detail and Has Alleged Concrete Downstream Harm**

Equifax contends the Complaint is vague and fails to specify what information is missing. That is incorrect. Paragraphs 13 through 22 of the Complaint identify each account

by name and partial number and list the precise categories of omitted data for that account. This is the level of specificity courts require. See Peoples v. Equifax Information Services, LLC, No. 1:25-CV-814 (M.D.N.C. May 22, 2026) (denying motion to dismiss; plaintiff alleged specific missing fields on an account-by-account basis with supporting detail); Cadet v. Equifax Information Services, LLC, No. 4:25-CV-01305 (E.D. Tex. Aug. 17, 2026) (R&R recommending denial; specific allegations of omitted full account numbers, account information, and payment history for dozens of accounts).

The Complaint further alleges concrete downstream consequences that satisfy Article III. Plaintiff could not dispute the missing information because the full account numbers, original creditor names, and other data needed to identify and challenge the accounts were absent, depriving him of his rights under 15 U.S.C. § 1681i. Compl. ¶ 55. The omissions caused confusion; Plaintiff relied on the incomplete disclosure; and he expended time attempting to understand, identify, and verify the accounts against his own records. Compl. ¶¶ 27, 34, 36, 54. This produced frustration and emotional distress. Id. These are the adverse effects and downstream harms required by TransUnion LLC v. Ramirez, 594 U.S. 413 (2021). An informational injury that produces real-world consequences (inability to dispute, wasted time, confusion, and distress) is concrete. See also Hardin v. Equifax Information Services, LLC, No. CIV-25-1374-HE (W.D. Okla. Jan. 14, 2026); Jones v. Equifax Information Services, LLC, No. CIV-26-1135-HE (W.D. Okla. Aug. 5, 2026); Blevins, supra (omissions hinder ability to verify and dispute).

Equifax's reliance on cases involving blank fields with no supporting allegations of what should have been present, or claims limited to formatting with no downstream effects, is misplaced. Here, Plaintiff has identified the missing categories, alleged that the data was reported by furnishers and was in the file, and described the resulting inability to understand, cross-check, and dispute.

**C. Equifax's Remaining Arguments Fail at the Pleading Stage**

Equifax's assertion that missing data fields or truncated numbers do not constitute a violation because they do not render a "consumer report" inaccurate confuses § 1681g with §§ 1681e(b) and 1681i. Section 1681g is a disclosure obligation. It does not require the plaintiff to prove that a third-party report was materially misleading. The statute requires clear and accurate disclosure of all information in the file at the time of the request. Courts have repeatedly rejected Equifax's attempt to import an accuracy-to-third-parties standard into § 1681g claims based on incomplete disclosures. See Blevins, supra; Peoples, supra.

Arguments about industry standards, privacy, or the "narrow" definition of "file" from cases involving purely internal records (such as audit trails) do not apply. Full account numbers, payment history, account status fields, and original creditor names are substantive information recorded and retained in the file and are necessary for the consumer to identify and evaluate the accounts. They are not ancillary internal notes. See Gillespie, 484 F.3d at 941 (disclosure must allow comparison with the consumer's own information).

Numerous courts have denied Equifax's motions to dismiss or for judgment on the pleadings on materially identical allegations of omitted full account numbers, account data, payment history, and original creditor information. In addition to the cases already cited, see Emery v. Equifax Information Services, LLC, No. 8:25-cv-01979 (M.D. Fla. Apr. 13, 2026); Aurelus v. Equifax Information Services LLC, No. 26-CV-61484 (S.D. Fla. July 17, 2026); Stafford v. Trans Union, LLC, No. 4:25-CV-00921 (E.D. Tex. Nov. 17, 2025) (R&R recommending denial); Banks v. Equifax Information Services LLC, No. 5:25-CV-00111 (E.D. Tex. Feb. 9, 2026) (R&R recommending denial); English v. TransUnion LLC, No. 1:25-cv-574 (S.D. Ohio Aug. 11, 2026). These decisions confirm that such complaints state a claim.

**D. Amendment Would Not Be Futile**

Even if the Court found any deficiency, leave to amend should be granted. The Complaint already contains detailed account-level allegations and concrete harm. Any perceived gap can be cured by additional factual allegations drawn from the disclosure itself or from the furnishers' reporting. Dismissal with prejudice is unwarranted.

## IV. CONCLUSION

Plaintiff has stated a plausible claim under 15 U.S.C. § 1681g(a)(1) and (a)(2). He identified specific, account-level omissions of information that was in his file at the time of the request, including sources of collection accounts. He alleged concrete downstream harm consisting of confusion, reliance on incomplete information, inability to dispute, wasted time, and emotional distress. Equifax's Motion should be denied.

Respectfully submitted,

Andrew Downs

205 N 44th St

Fort Smith, AR 72903

479-226-0883

rushfortsmith@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on counsel for Defendant by email via pacer on the date of filing.